## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RAYMOND L. ISOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-1055-JAR-GEB |
| | ) | |
| SALINA REGIONAL HEALTH CENTER and | ) | |
| SALINA EMS SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 2, *sealed*). For the reasons set forth below, the Court recommends the motion to proceed *in forma pauperis* (**ECF No. 2**) be **DENIED** and this case be dismissed.

### I.    Background

Plaintiff Raymond L. Isom, a resident of Salina, Kansas, brings this claim against the local hospital, Salina Regional Health Center, and the Salina EMS Services. (Complaint, ECF No. 1.) He claims both the hospital and EMS failed to properly diagnose and treat his injuries following a life-threatening motorcycle accident in May 2018. (*Id*. at 4.) He alleges he now has a 60% loss of range of motion in his neck as a result of the negligence of the named Defendants. (*Id*.) He asks the Court to order Defendants be responsible for his past and future healthcare bills related to the accident, as well as "compensatory and punitive damages, for loss of work as well as quality of life" all in the amount of $537,000. (*Id*.)

Plaintiff completed a federal form Complaint for a Civil Case Alleging Negligence, asserting federal jurisdiction under 28 U.S.C. § 1332, Diversity of Citizenship. (*Id.*)  With his Complaint, he submitted an Application to Proceed in District Court without Prepaying Fees or Costs.  (ECF No. 2, *sealed*.)

## II.    Recommendation of Denial of *In Forma Pauperis* Status

Proceeding *in forma pauperis* in a civil case is a <u>privilege</u>, not a right.[1]  Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution, or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[2]  Particularly in civil cases for damages, "courts should grant the privilege 'sparingly,'"[3] but when considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[4]  Generally, the court compares an applicant's monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[5]  But the decision whether to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the court.[6]

Plaintiff's financial affidavit indicates he is not currently employed and he has no assets or money in any type of checking or savings account (ECF No. 2, *sealed*).  However,

---

[1] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (emphasis added) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998).
[2] *Id.* (citing 28 U.S.C. § 1915(a)(1)).
[3] *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (citing *Buggs v. Riverside Hosp.,* No. 97–1088–WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).
[4] *Baldwin*, 2007 WL 1652145, at *1 (citing *Buggs*, 1997 WL 321289, at *1.
[5] *See Patillo*, 2002 WL 1162684, at *1 (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs*, 1997 WL 321289, at *8).
[6] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

his affidavit also indicates he has no expenses. (*Id.*)  Unfortunately, because he used the short form financial affidavit rather than the affidavit provided by this Court,[7] much of the information usually gathered about an applicant seeking in forma pauperis status—such as marital status, combined household income, prior employment status, and itemized expenses—is missing from his application.

Although the undersigned Magistrate Judge would typically permit an applicant to amend or supplement his application under these circumstances, in light of the recommendation of dismissal below this effort would be futile and could cost the Plaintiff crucial time to refile his action in the appropriate court.  However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny Plaintiff's motion to proceed without payment of fees.[8]    Accordingly, the undersigned magistrate judge **RECOMMENDS** the motion to proceed without prepayment of fees (**ECF No. 2**, *sealed*) be denied, pending review of the recommendation of dismissal herein.

## III.    Recommendation of Dismissal for Lack of Jurisdiction

Under the *in forma pauperis* statute, 28 U.S.C. § 1915, sua sponte dismissal of this case is required if the Court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who

---

[7] This District's "Motion to Proceed without Prepayment of Fees" and "Affidavit of Financial Status" are available at http://ksd.uscourts.gov/index.php/forms/?open=SelfRepForms or from the clerk's office to those pro se parties without access to the internet.

[8] *See Lister,* 408 F.3d at 1312 (finding the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[9]

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[10] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[11] and the Court cannot "take on the responsibility of serving as his attorney in constructing arguments and searching the record."[12]

As a threshold matter, it appears this Court lacks jurisdiction over Plaintiff's claim. Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[13] Although Plaintiff claims diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff's residence is in Salina, Kansas, and both defendant entities appear located in Salina, Kansas. Although Plaintiff provides no information about their corporate citizenship, Plaintiff provides no facts to suggest either Defendant is a citizen of another state; therefore, diversity jurisdiction is unavailable.

Plaintiff also provides no factual basis for the exercise of federal jurisdiction over what appears to be a state law negligence action. The federal court is not the proper forum for this state court claim. Based on the information provided in the Complaint, it is

---

[9] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).

[10] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[13] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

recommended that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Although the Court is not permitted to provide legal advice, Plaintiff is cautioned to act quickly in the event he chooses to pursue his action in the appropriate state court, as his claim likely falls under the two-year limitations period established under Kan. Stat. Ann. § 60-513.[14]

## IV.    Conclusion

Under Fed. R. Civ. P. 12(h)(3), the Court is required to dismiss claims over which it determines it lacks jurisdiction.  After careful review, and being mindful that he proceeds on a pro se basis, the Court finds the Complaint presented by Plaintiff presents no set of facts from which the Court could find that the District of Kansas has subject matter jurisdiction over his claim.

**IT IS THEREFORE RECOMMENDED** that Plaintiff Raymond L. Isom's claim against Salina Regional Health Center and Salina EMS Services be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 2**, *sealed*) be **DENIED** for failure to provide sufficient information with which this Court could decide his request.  However, his obligation to pay the filing fee is suspended pending the District Judge's review of this recommendation.

---

[14] *See Hadley v. Koerner*, No. 17-1221-EFM, 2018 WL 2971678, at *1 (D. Kan. June 12, 2018) (noting "Normally, medical malpractice claims are limited by a two-year statute of limitations") (citing K.S.A. § 60-513(a)(7)).

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[15]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 13th day of April, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[15] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).